R. R. HACKNEY, ET AL., *v.* W. R. DILLAN, ET AL.

**Trespass to Real Estate—Description.**

A petition is fatally defective which fails to describe the real estate upon which a trespass is charged so as to enable the defendant to know upon what land the trespass complained of was charged, and a judgment thereon with no better description is erroneous.

APPEAL FROM ROCKCASTLE COUNTY COURT.

March 14, 1876.

OPINION BY JUDGE COFER:

This record furnished most convincing evidence of the necessity for a more rigid enforcement of those rules of pleading and practice which experience had indicated as essential to a correct and expeditious administration of public justice.

About the year 1855, Daniel Roberts sold to the appellants land which was described in the bond for title then executed as "My farm on Roundstone in Rockcastle county, containing 500 acres, be the same more or less." In the year 1858, Roberts sued the appellants and recovered a judgment at law for the last instalment of purchase money. He transferred the judgment to Smith and Carters and an execution having issued thereon, the appellants, by indorsement on the bond, surrendered to be sold to satisfy the execution the land purchased of Roberts, which is described in the surrender as "the within land," and in the return of the sheriff as "five hundred acres of land given up by R. R. Hackney, being the same land on which he now lives, and which he purchased of Daniel Roberts."

Smith and Carter bought the land at sheriff's sale, and the appellants failed to redeem it, although sold for only a little more than

one-fourth its appraised value, and only one-third the price they had paid Roberts for it. Smith and Carters brought suit in June, 1860, against the appellant, Roberts, to obtain from Roberts a conveyance of the legal title. In the petition in that case the land is described as a "certain tract of land lying in Rockcastle county on the waters of Roundstone containing about 500 acres," and the same tract upon which the defendant, Hackney, now lives, "the tract of land that he bought from defendant, Roberts."

To the petition in that case appellants filed an answer, in which they averred that the land purchased of Roberts consisted of five or six separate tracts, and that they did not lie adjoining each other. A demurrer to the answer was sustained, and no further answer being made it was adjudged "that the plaintiffs recover of the defendant, Hackney, the land in the petition mentioned," and "it appearing," as the judgment recites, "that the legal title to the land in the petition mentioned is in the defendants, Daniel Roberts and Alfred Smith," J. G. Hazlewood was appointed a commissioner to convey "said land" to Smith and Carters.

The commissioner made a deed in which he described the land as the land set forth in the petition, and in the bond of Roberts to Hackney, and as being, in part, the same land sold by John Quinn to George Procter and by Procter to Roberts, lying on Roundstone in Rockcastle county, "one piece of which is bounded as follows," and then, after setting out the boundary, it is stated that it contains "in all 500 acres, more or less." The deed contains, "and the other piece adjoining thereto and being a piece patented to George Procter, the 2nd day of July, 1846, and bounded as follows:" and, without stating the number of acres, proceeds, "and the party of the first part conveys and confirms unto the party of the second part, all the right, title, interest and claim of the defendants, R. R. Hackney, Alfred Smith and Daniel Roberts, in and to the said tract of land," etc.

In 1871, Smith and Carters brought a second suit against the appellants in which they set forth the sale of the land by Roberts to him, the execution of the bond for title, the judgment, execution, surrender sale, purchase and conveyance by commissioner, in which they described the land as 500 acres, consisting of "several tracts of separate boundaries." They also set forth their suit to obtain a conveyance, and alleged that they had recently discovered that the deed was defective in giving the boundaries of the land; that they had caused it to be surveyed and processioned; and they referred to a copy of the survey and processioner's report for a full description

of the several tracts, and asked to have the deed reformed so as to describe accurately the boundary of each tract. The petition in that case was dismissed and relief denied in obedience to the mandate of this court.

Pending that litigation Carter and Brother, who had acquired the land from Smith and Carters, leased a portion of it to the appellees, W. R. Dillon and Brother, for a term of five years. Dillon took possession under their lease, and in June, 1874, brought an action at law against the appellant for trespass, and subsequently brought a suit in equity and sued out an injunction to restrain him from cutting and removing timber and tanbark from the land described in their petition. The action for trespass was transferred to equity and consolidated with the suit for injunction, and on final hearing the chancellor made the injunction perpetual, and from that judgment this appeal is prosecuted.

The first question is, Were not the petitions both fatally defective because the land is not described with such convenient certainty as to enable the appellants to know upon what land the trespass complained of was charged to have been committed, or upon what land they were about to be enjoined from cutting or removing timber, and is not the judgment making the injunction perpetual erroneous for the same reason?

In the petition in the action for trespass the land is described, or rather referred to, thus: "Bounded as follows, to wit: (see plat on exhibit B). Beginning at figure 1, thence with line to 3, then to 2, thence with line to 9, thence to 18, then to 19 and 20, thence with the line to 21 to 24, thence to 23, then to 22, then to 30, thence with the meanders of the line to 32, thence again to 1, then to 6, and thence to the beginning; and for a more particular description of the metes and bounds of said land a copy of the processioner's and surveyor's reports of said land is here referred to and made part hereof as exhibit B."

The description contained in the suit for an injunction is, if possible, more vague and confused than in the other. We find in the transcript what purports to be a copy of a plat and report of processioners, but whether they are the plat and report referred to we can only conjecture, for they are not marked as exhibit B, nor does the clerk say they are the same referred to in the petitions, but we will assume that they are.

It is entirely clear that without the aid of these exhibits there is nothing in the petitions from which the location and boundary of

the land of which the appellees claim to have been in possession can be determined. Can an entire failure to describe in the pleadings the subject of action be cured by reference to an exhibit? It has been repeatedly held that the omission to state in the petition a fact material to the plaintiff's cause of action cannot be cured by making a paper containing the omitted fact a part of the petition. The same reasons, it seems to us, require that we should hold that a failure to describe the subject of the action cannot be cured by making a paper containing the description a part of the petition.

Section 152 of the Code provides that "In an action to recover real property, it must be described in the petition with such convenient certainty as to enable an officer holding an execution to identify it." These are not actions to recover real property but they are actions concerning that kind of property, and in analogy to the rule prescribed by the statute, we hold that in actions for trespass to real property, or to enjoin the defendant from committing waste thereon, the petition must so describe the land as to enable the defendant to know upon what tract or parcel of land the trespass is charged to have been committed, or to what land it is meant that the injunction sought shall apply. If the land be not described in the pleadings, the defendant may be unable to answer whether he had done the act alleged to be a trespass or not. If he is enjoined from cutting or removing timber, he may be unable to know without a resonably accurate description of the land meant to be covered by the injunction whether he is violating it or not; and to make an injunction perpetual by a judgment as deficient in description as the petition, as was done in this case, exposes the defendant to the hazard of being punished for a violation of the injunction, and leaves room for unending vexatious litigation to the injury of all the parties.

Such judgments rendered upon such pleadings do not serve to settle, but rather to increase litigation and strife, as is well attested by this most anomalous record. If an accurate description of the land purchased by the appellants had been given in the petition, and judgment in the suit for a conveyance, the suit for the reformation of the deed made by the commissioner in that case would have been avoided, and these suits would never have been necessary.

We are unable to determine from anything in this record whether the trespass complained of was within the boundaries given in the commissioner's deed or not. Witnesses prove that the cutting was within the boundaries given in the report of the processioners, but whether those boundaries are the same as the boundaries in the deed

then becomes a question. The report contains the courses and distances of six tracts, while the deed only contains the boundaries of two. The boundary of the second tract described in the deed seems to correspond with the boundary of tract No. 3 in the report. But we cannot identify the boundary of the first with any in the report, and we are therefore unable to say whether that boundary embraces all the other tracts described in the report or not; so that although it appears in the evidence that the trespass complained of was within the boundaries as set forth in the report, it does not appear whether it was within the deed boundaries.

The decision of this court in the suit to reform the deed was adverse to the appellees. Their lessors then only complained that the parcel of land known as "Dogwood Gap" was omitted, and as appellees do not now complain of any other error in the deed, and have failed to show any trespass within its boundaries, their actions should have been dismissed.

But there is still another difficulty in the way of the appellees. They make claim under their lease and under that alone. The language of the lease is that Carter & Bro. "lease to the said Dillons all that portion of their lands known as the Hackney lands, that is situated and lying on the southwest side of Roundstone Creek, or on the same side of the creek that the state road runs."

It thus appears that they did not lease the whole of the Hackney land, and they neither alleged nor proved that the trespass complained of was within their lease, or if they may be understood to allege that they leased the whole, then the lease filed shows that they did not do so. The record in this case is so unskillfully made out that we have found it almost impossible to get at the real points in dispute. We have before intimated that it is the duty of clerks to make out records in form, and in a legible hand writing, and that counsel should not file records in this court not so made out.

In order to impress the importance of this matter upon both counsel and clerks, we have deemed it proper in the exercise of the discretion given us by statute in rendering or withholding judgment for costs to render no judgment in this case for costs in this court.

The judgment of the circuit court in the two actions of *Dillons v. Hackney, et al.,* dismissing the action of *Hackney v. Smith & Carters, et al.,* is *reversed,* and the cause is remanded with directions to dismiss the first two actions named above with costs, and for further proceedings upon the rules to pay into court the money realized from the sale of the bark sold under order of the court, and for further

proceedings in the action last above named of *Hackney v. Smith, Carters, et al.*

G. *Pearl,* for *appellants.*

*Lindsey, Dickinson, McCleary, Kirtley & Byron,* for *appellees.*